# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIAN COLEMAN, | ) | |
| Plaintiff, | ) | Civil Action No. 12-205 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| CARRARRA STEEL ERECTORS, INC., | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendant [ECF No. 3] be DENIED.

A Case Management Conference will be scheduled by separate order.

### II.  REPORT

#### A.  Relevant Procedural History

This case arises from a Complaint in which Plaintiff, Adrian Coleman, seeks damages against Defendant Carrarra[1] Steel Erectors, Inc., pursuant to Title VII of the Civil Rights Act of 1963 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*., and the Pennsylvania Human Relations Act, as amended ("PHRA"), 43 P.S. § 951, *et seq*.  Plaintiff raises claims of unlawful employment practices in the form of racial discrimination.

---

[1]  Although the pleadings have several different spellings of the word, this Court will use the spelling "Carrarra" as used in the Complaint.

1

Defendant Carrarra Steel Erectors, Inc. filed a motion to dismiss arguing that Plaintiff has failed to state a claim upon which relief may be granted. ECF No. 3. Plaintiff has filed a brief in opposition. ECF No. 5. Defendant has not filed a reply brief. These issues are ripe for disposition by this Court.

### B. Standard of Review - Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at

556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Defendant's argument

Defendant argues that Plaintiff "has never been an employee" of Carrarra Steel Erectors, Inc. (see ECF No. 3, page 1¶ 2; ECF No. 4, pages 2 – 4), but instead was an employee of Carrarra Steel, Inc., which is not named as a party to this action.

3

This Court finds Defendant's argument in this regard disingenuous. In opposition to the Defendant's argument, Plaintiff has provided documents indicating that Plaintiff and Defendant have engaged in litigation before the Pennsylvania Workers' Compensation Bureau in relation to an injury suffered by Plaintiff in September of 2007. These documents list Plaintiff's employer as "Carrara Steel Erectors." ECF No. 5-1, pages 1-7. Furthermore, Plaintiff has established that he received unemployment compensation from "Carrara Steel Erectors, Inc." as evidenced by a Notice of Determination approving the payment of these benefits. ECF No. 5-2, pages 1-3. [2]

Next, Defendant argues that "to the extent Plaintiff may file the claim against Defendant, Carrara Steel Erectors, Inc., Plaintiff has failed to exhaust administrative remedies against Defendant prior to bringing a civil action in that he failed to file a charge of discrimination with the EEOC or PHRA against Defendant." ECF No. 4, page 4. Despite this argument, documents provided by Plaintiff indicate that he filed an EEOC claim against "Carrara Steel" (ECF No. 5-3) and a PHRC claim against "Corrara Steel" (ECF No. 5-4). Additionally, Plaintiff has provided documentation showing that "Carrara Steel, Inc." and "Carrara Steel Erectors, Inc." share the same business address and the same corporate officers in Terry Carrara and Patrick Carrara (President and Secretary, respectively). ECF No. 5-6, pages 1-2.

Plaintiff has plausibly stated a claim against this Defendant. Accordingly, Defendant's motion to dismiss should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant [ECF No. 3] be DENIED.

A Case Management Conference will be scheduled by separate order.

---

[2] Defendant has not filed a Reply brief addressing Plaintiff's assertion.

4

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  March 26, 2013